UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON MILLER,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>              Defendants. | Case No.  15-cv-00457-VC<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 135 |

    Leon Miller, an African-American pilot employed by United Airlines, Inc., has sued the defendants (collectively, "United"), for violations of 42 U.SC. § 1981; 42 U.S.C. § 1985; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq.*  United moves to transfer venue to the Central District of California under 28 U.S.C. § 1404(a).  The parties agree venue is proper in this district pursuant to Title VII's special venue provision, because Miller complains he was denied promotional opportunities in Los Angeles, California, where Miller is employed, in the relevant time period.  *See* 42 U.S.C. § 2000e-5(f)(3) (permitting suit in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed").  The motion to transfer venue is denied.

    The party moving to transfer venue under section 1404(a) has the "burden of showing that a transfer is warranted for the convenience of the parties and witnesses," and "that a transfer would promote the interests of justice."  *Hicks v. PGA Tour, Inc.*, No. 15-cv-00489-VC, 2015 WL 5300399, at *1 (N.D. Cal. July 24, 2015).  United has not met that burden.  Miller chose to file his lawsuit here, a decision entitled to at least minimal deference.  *See Hendricks v. StarKist*

*Co.*, No. 13-cv-729 YGR, 2014 WL 1245880, at *2-*3 (N.D. Cal. Mar. 25, 2014). The other factors either similarly weigh against transfer or are neutral. "Nothing that happens before trial will be any less convenient for any party or witness if the case proceeds here" instead of the Central District of California. *Hicks*, 2015 WL 5300399, at *1. "Document production and written discovery will be no more difficult if the case is located here. And no matter where the case is venued, the lawyers . . . will be flying around the country to take witness depositions where those witnesses are located." *Id.* United has particularly failed to show that a trial in Northern California will be significantly more inconvenient for third-party witnesses than a trial in Central California. *See id.* Moreover, as the parties know, this case and the coordinated cases have languished in this district since 2012. Given the unique procedural posture of these cases, the interests of justice weigh more strongly against a transfer for convenience than usual.

**IT IS SO ORDERED.**

Dated: July 28, 2016

_____
VINCE CHHABRIA
United States District Judge